UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD F. CAMPBELL

          Plaintiff,

v.                             Case No. 8:11-cv-377-T-35TBM

ERIC K. SHINSEKI,
Secretary of Department of Veterans
Administration,

          Defendant,

## DEFENDANT'S MOTION FOR LEAVE TO FILE
## A RENEWED OR AMENDED MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, by and through the undersigned Assistant United States Attorney, and files this motion requesting leave to file a renewed or amended motion for summary judgment and states the following:

On December 11, 2012, this Court entered an Order (Doc.32) denying Defendant's Motion for Summary Judgment. (Doc. 28) ("Motion").  In the Order the Court stated that it could not consider various exhibits attached to the Motion either because they were not authenticated or were not sworn testimony.  Specifically, the Court did not consider two Reports of Contact (Ex. 6 and 7) or the termination letter (Ex. 1) because they were not authenticated.  The Court further declined to consider statements made by Plaintiff's immediate supervisor, Brenda Wallace, because there was no deposition testimony or any sworn affidavits to support the statements.  The Court indicated that it would not consider the excerpts of transcripts of the parties, in this case labeled "affidavits," because there was no evidence that they were sworn

testimony given under penalty of perjury.  Also, as to the religious discrimination claim, the Court noted that the Defendant made no argument in the Motion that it was unable to reasonably accommodate Plaintiff's religious observance or practice without undue hardship.

With respect to the unauthenticated documents, the Eleventh Circuit has held that the Court may rely upon unauthenticated documents where it finds that those records could be reduced to admissible evidence at trial.  *See Pritchard v. Southern Co. Serv.*, 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillan v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996), *aff'd*, 520 U.S. 781 (1997) ("We read this statement as simply allowing <u>otherwise admissible</u> evidence to be submitted in <u>inadmissible form</u> at the summary judgment stage, though at trial it must be submitted in admissible form.).  The Eleventh Circuit has required evidence to be authenticated where the authenticity is challenged. *See e.g. Snover v. City of Starke*, 2010 WL 3784468 at *3 (C.A. 11 (Fla.)).  Plaintiff has not challenged the authenticity of any of the documents submitted by Defendant in support of its motion nor has he challenged that the "affidavits" were made under oath. In fact, he has submitted similar or identical documents to support his response. In footnote 2 of the *Burnett* case cited by the Court in its Order the Court recognized that "[u]ncertified or otherwise inadmissible documents may be considered by the Court if not challenged."  *Burnett v. Stagner Motel Courts, Inc.*, 821 F.Supp. 678, 683 (N.D.Ga.1993), aff'd, No. 94–8522, 42 F.3d 645 (11th Cir.1994).

In this case there was no challenge to the authenticity of the offered documents nor was there any reasonable belief that there would be such a challenge before the Motion was filed.  As to the Reports of Contact (Ex. 6 and 7), Plaintiff attached the same report by Loreen O'Brien as Exhibit 27 to his response to the Motion. (Doc. 29) Paragraphs 10 and 12 of Defendant's Motion set forth verbatim the Reports of Contact. Exhibit 28 to Plaintiff's Response indicates that Plaintiff challenges the truth of the reports but does not challenge their authenticity.   The termination letter (Ex. 1) is referred to in paragraphs 16-19 of the Defendant's motion.   Again, Plaintiff disputes the truth of some of the matters contained in the letter (Plaintiff Ex. 28), but does not contest its authenticity.  In fact, Plaintiff attached a copy of the termination letter as his own Exhibit 8.  The references to Brenda Wallace's statements  come from the excerpts of the sworn statements (labeled "affidavits") to the EEO investigator.  (Defendant's Ex. 13  (Campbell),  15  (Wallace),  17  (Morris),  18  (Young)).   Again these affidavits/statements are unchallenged as Plaintiff has attached excerpts of these and similar EEO affidavits to his response.

Finally, as the Court noted in the Order, the Defendant did not address Plaintiff's reasonable accommodation argument set forth in his response.  As the Court's order recognizes, a religious discrimination claim may be pursued on two theories – disparate treatment and failure to make reasonable accommodation.   Campbell's Complaint alleges nothing regarding the latter, which is why the Defendant did not address the issue in its motion. (Doc. 1, paragraphs 33-38).

3

WHEREFORE, the Defendant respectfully request leave to file a renewed and amended motion for summary judgment to the extent that additional information is deemed necessary by the Court.

ROBERT E. O'NEILL
United States Attorney

By: s/*Jeffrey S. Downing*
JEFFREY S. DOWNING
Assistant United States Attorney
USAO No. 010
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6087
Facsimile:  (813) 274-6198
E-Mail:  jeff.downing@usdoj.gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2011, I filed the foregoing

document with the Clerk of the Court, and a copy of the foregoing document was

sent by regular mail to the following non-CM/ECF participant:

> Bernard F. Campbell
> 1703 Cresswell Manor Ct.
> Dover, Florida 33527

> _s/ Jeffrey S. Downing_
> JEFFREY S. DOWNING
> Assistant United States Attorney